Filed 9/1/21  Alvin W. v. Superior Court CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ALVIN W., SR.,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>        Respondent;<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Real Party in Interest. | B312499<br><br>(Los Angeles County Super. Ct. Nos. 17CCJP00775C-D) |

ORIGINAL PROCEEDING.  Petition for extraordinary writ.  (Cal. Rules of Court, rule 8.452.)  Stacy Wiese, Judge.  Petition granted, remanded with directions.

Law Office of Amy Einstein, Dominika Campbell and Rose Fisher for Petitioner.

No appearance for Respondent.

Office of the County Counsel, Rodrigo Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Sally Son, Deputy County Counsel, for Real Party in Interest.

Children's Law Center 1 of Los Angeles, Margaret Lee and Lindsay Joanou for Minors.

Children's Law Center 2 of Los Angeles, Stacie Hendrix and Heather Wilson for Mother.

_____

Alvin W., Sr., (Father) petitions for extraordinary relief pursuant to California Rules of Court, rule 8.452.  Father seeks review of an order denying family reunification services and setting a permanency planning hearing under Welfare and Institutions Code section 366.26.[1]  He argues that the juvenile court improperly bypassed reunification services, a contention with which real party in interest the Los Angeles County Department of Children and Family Services (DCFS) agrees.  Because the order denying reunification services was not supported by sufficient evidence, we grant the petition.

**FACTS AND PROCEDURAL HISTORY**

The subjects of this proceeding are A.W., born in April 2019, and An.W., born in May 2020.  This matter initially came to the attention of DCFS in October 2020, when it received a telephonic referral that Father and Angelique B. (Mother) were involved in a domestic violence incident.  According to the caller,

---

[1]  Further statutory references are to the Welfare and Institutions Code, unless otherwise noted.

Mother was in a motel room with A.W. and An.W. when Father banged on the door. Mother opened the door, and, after Father entered, he hit Mother, pulled her hair, and yelled at her, "I'm going to kill you!" Father left the room carrying A.W. and returned to the family's apartment, where Mother eventually joined him with An.W. Neighbors interviewed by the DCFS social worker also reported domestic violence between Father and Mother.

At the detention hearing, on November 13, 2020, the juvenile court ordered the children detained. In addition, the court issued a temporary restraining order against Father and in favor of Mother.

On December 4, 2020, DCFS reported that another domestic violence incident had occurred on November 12, 2020. Father hit Mother with a broomstick in her crotch area, causing the broomstick to break into several pieces. He also punched and kicked her multiple times, causing injury and bruising. DCFS expressed concern that Mother continued to return to the violent relationship with Father. Additionally, DCFS noted that Father had been attending domestic violence classes for criminal court since early 2020, yet had continued to engage in domestic violence.

In DCFS's jurisdiction/disposition report, filed on February 16, 2021, DCFS requested that the juvenile court bypass family reunification services. The report indicated that family reunification services had previously been terminated as to both Father and Mother for two older children, Alvin W. and Al.W. According to the information provided by DCFS to the court, section 300 petitions were sustained in September 2016 and August 2018, respectively alleging in pertinent part that Mother

3

"placed the child in a detrimental and endangering situation in that the mother has a history of running away from placement and engaging in illegal activity," and Mother "placed the child in a detrimental and endangering situation by failing to provide stable housing for the child." As family reunification services for these prior matters, Father "was ordered to submit to random drug testing." DCFS reported that family reunification services were terminated for Father on August 22, 2017, for Alvin W., and on December 18, 2018, for Al.W. The reason given was "lack of compliance with court orders to regain custody of the children. Father did not submit to court ordered drug testing." DCFS's report further stated that, on December 18, 2018, "the parents were involved in a domestic violence incident which led to father's arrest."

The jurisdictional hearing in this matter was held on March 17, 2021. Just prior to the hearing, DCFS reported that Father was in jail, apparently relating to the November 2020 domestic violence incident. At the hearing, the juvenile court sustained the section 300 petition, under section 300, subdivisions (a) and (b). The petition alleged, in pertinent part, that Mother and Father "have a history of engaging in violent physical and verbal altercations in the presence of the children. On 10/8/2020, the father repeatedly struck the mother's head with the father's fists. The father pulled the mother's hair. The father threatened to kill the mother. The father broke various items in the presence of the children and in the children's home. On prior numerous occasions, the father physically assaulted the mother. The mother failed to protect the children in that the mother allowed the father to reside in the children's home and have unlimited access to the children. The father's violent

4

conduct towards the mother and the mother's failure to protect the children endangers the children's physical health and safety, [and] creates a detrimental home environment, placing the children at risk of serious physical harm, damage, danger and failure to protect."

At the dispositional hearing on May 5, 2021, the juvenile court ordered A.W. and An.W. removed from Father and Mother. Additionally, the court denied family reunification services, under section 361.5, subdivision (b)(10), and set a permanency planning hearing.

Father timely filed a notice of intent to file a writ petition.

## **DISCUSSION**

By this petition, Father only seeks review of the juvenile court's order bypassing family reunification services and setting a permanency planning hearing, not its jurisdictional order or the remainder of the dispositional order. Per California Rules of Court, rule 8.452, this court issued an order to show cause why the relief prayed for in Father's petition should not be granted, requesting a response to the petition by DCFS.

Rather than oppose the petition, DCFS, along with all other parties to the case, filed a joint stipulation seeking reversal of the dispositional order to the extent it denied Father reunification services and set a permanency planning hearing.[2, 3] In the joint

---

[2] As part of their stipulation, the parties submitted a proposed order for limited reversal of the dispositional order. California Rules of Court, rule 8.452 does not provide for such a procedure, however, instead generally requiring issuance of an order to show cause and a written opinion. (Cal. Rules of Court, rule 8.452(d), (h)(1).) We therefore decide this matter as directed by the rule, and deny the proposed order as moot.

stipulation, DCFS (and the other parties) concede that the juvenile court erred in bypassing family reunification services for Father.

Based on the record presented, we agree that family reunification services were improperly denied to Father; the order was based on insufficient evidence. When a child is removed from a parent's custody, the parent generally must be provided with family reunification services. (§ 316.5, subd. (a); *In re Lana S.* (2012) 207 Cal.App.4th 94, 106.) There are "narrowly specified exceptions" to this rule, however (*In re Lana S.*, at p. 106), as set out in section 361.5, subdivision (b). The application of these exceptions in the juvenile court is subject to a clear and convincing standard of proof. (*In re Lana S.,* at p. 106.) We review a denial of reunification services for substantial evidence. (*Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 96.)

The juvenile court here bypassed family reunification services under section 361.5, subdivision (b)(10). Under this exception, reunification services may be denied when the court finds, by clear and convincing evidence, that "the court ordered termination of reunification services for any siblings . . . of the child because the parent . . . failed to reunify with the sibling . . . after the sibling . . . had been removed from that parent . . . and that, according to the findings of the court, this parent . . . has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling . . . of that child from that parent . . . ." (§ 361.5, subd. (b)(10).)

---

**3** We construe the parties' joint request for reversal and immediate issuance of remittitur as a waiver of oral argument. (See Cal. Rules of Court, rule 8.452(g)(2).)

For this exception to be employed, sufficient evidence must be provided demonstrating that the parent has not "made a reasonable effort to treat the problems that led to removal of the sibling[s]," as stated in section 361.5, subdivision (b)(10). (*In re D.H.* (2014) 230 Cal.App.4th 807, 816; see also *Jennifer S. v. Superior Court* (2017) 15 Cal.App.5th 1113, 1123.) In *In re D.H.*, an order denying reunification services was found improper because of insufficient evidence that the parent had not made reasonable efforts to treat the problems that led to an earlier removal. (*In re D.H.,* at p. 809.) The court gave the following reason for its finding: "the record before us shows that the problems that led to the [prior] removal of the half siblings (unsafe and unhealthy conditions) were different from those presented in this case (alcohol abuse, anger management problems and domestic violence); nor does the record establish any connection between the two sets of problems or even that father received services in the prior case for the problems manifest in the present case." (*Ibid*.)

The same analysis applies here. The record contains very little information on the removal of A.W. and An.W.'s siblings, Alvin W. and Al.W. None of the record from the earlier proceedings is present here, and DCFS reports filed in this case only briefly discuss the earlier matters. According to these reports, both siblings were removed because Mother "placed the child in a detrimental and endangering situation . . . " with regard to living circumstances. Apparently, the section 300 petitions contained no allegations expressly relating to Father. Furthermore, according to what is present in the record, Father "was ordered to submit to random drug testing." There were no other services required of Father, at least to the extent the

7

information provided is accurate.  And, finally, it appears that reunification services were terminated because Father "did not submit to court ordered drug testing."

Thus, as in *In re D.H., supra,* 230 Cal.App.4th at page 809, the problems that led to the prior removal of the siblings—being placed by Mother in a detrimental and dangerous situation due to living situation—were different from those in this case—domestic violence.  Nor does the record show any connection between the two sets of problems.  And, the record does not demonstrate that Father received services in the prior case for the problem at issue here, domestic violence.

Moreover, there's no indication in the record that Father "has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling . . . ." (§ 361.5, subd. (b)(10).)  Father's involvement in the prior proceedings apparently related to possible drug abuse and failure to submit to drug testing.  There has been no evidence presented in this case that Father continues to engage in such behavior.

It is true that, in its reports to the juvenile court in this case, DCFS referenced a December 18, 2018 domestic violence incident that led to Father's arrest.  It is not clear, however, that this incident factored into any prior termination of reunification services.  It certainly did not relate to termination of services with respect to Alvin W., since these services were terminated in August 2017.  Whether the incident related to termination of services with Al.W. is not clear, since the incident apparently occurred on the same day as termination.  Without a more complete record, we cannot simply assume that domestic violence was a reason for prior termination of reunification services.  (Cf. *In re Lana S., supra,* 207 Cal.App.4th at p. 108 [denial of

8

reunification services proper because drug abuse was a subject of prior services and a "recurrent theme" throughout prior and current dependency proceedings].)

We emphasize that we do not intend to suggest that Father's behavior has been acceptable.  It most certainly has not been.  Both the jurisdictional order and the dispositional order, to the extent it required removal, were well supported.  The issue addressed in this writ petition is a discrete one.  It is simply whether sufficient evidence was presented to bypass reunification services.  Since the evidence was not sufficient, the dispositional order requires correction in this regard.

## **DISPOSITION**

The petition for extraordinary relief is granted and an extraordinary writ hereby issues.  The juvenile court's May 5, 2021 dispositional orders are ordered vacated only to the extent they denied Father family reunification services and set a section 366.26 hearing. The matter is remanded with directions to the juvenile court to set a hearing and modify its dispositional orders, providing Father with appropriate reunification services.

The temporary stay previously issued by this court is dissolved.  This opinion shall become final immediately upon filing.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.          _____, J.
CHAVEZ                              HOFFSTADT